# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DARREN DEL NERO,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:00-cv-01126-GMN-VCF<br><br>**ORDER**<br><br>SEALED MOTION FOR JUDICIAL NOTICE [ECF NO. 27]; SEALED MOTION TO SEAL [ECF NO. 28]; MOTION TO SEAL [ECF NO. 30]; SEALED MOTION TO SEAL [ECF NO. 32] |

Pro se plaintiff Darren Del Nero filed multiple new motions to seal. ECF Nos. 27, 28, 30, and 32. I grant and deny his motions in part.

**I.    Background**

I previously ordered that plaintiff's motion to seal, which contained highly personal information, could remain sealed, but denied his request to seal this entire case and replace the caption with John Doe (this case has been closed for twenty years). See my Order at ECF No. 26. Plaintiff has now filed four additional motions to seal this case, which I liberally construe[1] as motions to reconsider my prior Order. ECF Nos. 27, 28, 30, and 32. The instant motions are largely repetitive, so I summarize only what differentiates each motion. In his sealed motion for judicial notice, he asks the Court to take judicial

---

[1] "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

notice that other courts have sealed his cases. ECF No. 27. In his next motion, he asks that his motion for judicial notice be sealed because the other courts sealed the orders. ECF No. 28. In his third sealed motion he offers additional arguments for why this entire case should be sealed. ECF No. 30. In his fourth sealed motion he provides an updated address which he asks to be sealed. ECF No. 32.

Plaintiff alleges that he participates in California's Safe at Home program which protects crime victims by providing a substitute address for public records in California. Cal. Gov't Code § 6207(a). Plaintiff alleges that under the California Rules of Civil Procedure, he should be allowed to retroactively change his name in this case to the pseudonym John Doe. See California Code of Civil Procedure § 367.3. As I outlined in my previous Order, plaintiff is no stranger to litigation, and his new sealed motions highlight the sheer number of duplicative cases he has filed across the country.[2] This instant long-closed case ended with a dismissal of costs awarded to the defendants for plaintiff's failure to participate in this case. ECF Nos. 21 and 22.

**II.      Discussion**

    **a.  Legal Standard**

There is a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). There is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broadcasting Co. v. U.S. Dist. Court for the Dist. of Nev.*, 798 F.2d 1289, 1293 (9th

---

[2] At least one court has noted that Del Nero has utilize[d] various aliases including Darren Del Nero, Darren Chaker, Darren Chaker-Del Nero, and David Hunter" in past litigation. See *Nero v. Nco Fin. Sys.,* No. 2:06-cv-04823-JDW, 2021 U.S. Dist. LEXIS 155282, at 6 (E.D. Pa. Aug. 12, 2021)(Denying Del Nero's motion to reconsider in a similar case). Other courts have deemed Del Nero a vexatious litigant, see *Chaker v. Nathan Enters. Corp.*, No. CV 04-2726-RSWL, 2009 U.S. Dist. LEXIS 140813 (C.D. Cal. Apr. 21, 2009) and *Chaker v. San Diego Superior Court, No*. D075494, 2021 Cal. App. Unpub. LEXIS 2462, at 2 (Apr. 19, 2021)(listing cases).

Cir. 1986)). A party that requests to seal a judicial record bears the burden of overcoming the public access presumption by providing sufficiently compelling reasons for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News v. U.S. Dist. Court for the N. Dist. of Cal.*, 187 F.3d, 1096, 1102 (9th Cir. 1999)). Compelling reasons sufficient to outweigh the public interest in access exist when information becomes the vehicle for improper purposes such as the use of records to gratify spite, promote public scandal, spread libelous statements, or reveal trade secrets. See *Nixon*, 435 U.S. at 598.

      The Ninth Circuit has established an exception to the compelling reasons standard that allows a party to meet a lower good cause standard derived from Fed. R. Civ. P. 26(c). *Foltz*, 331 F.3d at 1135. Rule 26(c) authorizes federal courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When the district court considers whether to seal a record, the court will focus on how strongly the record correlates to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). If a party is attempting to seal a record that is directly related to the underlying cause of action, the party must establish a compelling reason to seal. *Id.* (citations omitted.) When the record at issue is unrelated or tangentially related to the underlying cause of action, the party may successfully seal a record upon a showing of good cause. *Id.* When granted, a sealing order must be narrowly tailored. *McCurry v. Ocwen Loan Servicing, Inc.*, No. 2:16-cv-00191-RFB-PAL, 2016 WL 4926430 (D. Nev. 2016) (citing *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984)). Sealing documents is improper when confidential information can instead be redacted. *In re Roman Catholic Archbishop of Portland,* 661 F.3d 417, 425 (9th Cir. 2011).

      Rule 10(a) commands that the title of every complaint "include the names of all the parties." Fed. R. Civ. P. 10(a). "[U]se of fictitious names runs afoul of the public's common law right of access to

judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII. at 1068*; see also *United States v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) ("We are cognizant 'that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity'"). When determining whether pseudonymity is necessary, the Court will balance the need to protect a person from injury or harassment against the presumption that the identity of parties is public information. *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008). "Secrecy is a one-way street: Once information is published, it cannot be made secret again." *Victory Sports & Entertainment, LLC v. Pedraza, No.* 2:19-cv-00826-APG-NJK, 2019 WL 2578767, at 2 (D. Nev. 2019) (quoting *In re Copley Press, Inc.,* 518 F.3d 1022, 1025 (9th Cir. 2008)).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citation omitted). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A*., 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted).

4

Motions to reconsider are generally left to the discretion of the district court. See *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). A district court has discretion not to consider arguments that were not raised until a motion for reconsideration without a good excuse for the delay. See *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995); *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925-26 (9th Cir. 1988). "Moreover, motions for reconsideration are generally not justified on the basis of new evidence that could have been discovered prior to a district court's ruling." *Bartell Ranch LLC v. McCullough*, No. 3:21-cv-00080-MMD-CLB, 2021 U.S. Dist. LEXIS 215374, at 1 (D. Nev. Nov. 8, 2021), citing to *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211-12 (9th Cir. 1987).

### b. Analysis

I liberally construe plaintiff's motions as motions to reconsider my prior order. He asks that this entire case be sealed, that his name be replaced with John Doe, and that his new motions be filed under seal. Plaintiff has not presented any newly discovered evidence; he merely repeats arguments about what a few other courts have done. Del Nero has also not identified any intervening change in controlling law. He repeats many of the same legal arguments he made in his original motion, which is insufficient.

None of his new filings show that I committed clear error or that my decision was unjust: his new filings do not contradict my previous findings that (1) Nevada law applies here, not California law; (2) that this Court is bound by Ninth Circuit precedent, not the California Code of Civil Procedure; and (3) that he has not met his burden of demonstrating a need to list his name "John Doe" in the caption. Plaintiff's address and telephone number are not listed on the public docket. Plaintiff has not shown that public awareness of this case, which he filed twenty years ago, puts him in danger now. In this case, plaintiff's need for anonymity does not outweigh the public's interest in knowing plaintiff's identity because plaintiff is a serial litigator, and this Court awarded fees to the defendants because of plaintiff's

behavior here. I deny plaintiff's request to reconsider my previous order.

Plaintiff's behavior here is also bordering on vexatious, as all these instant motions are duplicative, which also weighs against him. Duplicative filings are a hallmark of a vexatious litigant. Plaintiff's collection of sealed court orders, that he has filed here under seal, shows only that plaintiff has engaged in campaign to conceal his litigation history across the country. Plaintiff's behavior may make it more difficult for other courts (and the public) to find his litigation history, which could act to conceal future vexatious litigation or behavior. As noted earlier in this Order, other courts have deemed plaintiff a vexatious litigant in the past, so this is already an issue of public concern.

Regarding plaintiff's request to seal his new motions, since his motions are unrelated to the underlying case, he need only make a good cause showing to rebut the presumption that the public has a right to access the documents. *Foltz*, 331 F.3d at 1135. Plaintiff has established good cause rebutting the presumption of a public right to access instant application and motion to seal. Plaintiff's motion contains highly personal information, including plaintiff's new address and other sealed orders. I cautiously grant plaintiff's request to file the instant motions under seal. I warn plaintiff, however, that if he continues to file duplicative and vexatious motions in this case, I will not hesitate to sanction him.[3] I deny all other relief that plaintiff seeks in his motion.

ACCORDINGLY,

I ORDER that plaintiff's motions to file under seal (ECF Nos. 27, 28, 30, and 32) are all GRANTED AND DENIED IN PART as detailed in this order. Plaintiff's motions (ECF Nos. 27, 28, 30, and 32) will remain SEALED. All other requested relief is DENIED.

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in

---

[3] A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

I FURTHER ORDER, sua sponte, that the Clerk of Court administratively CLOSE this case.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 23rd day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE