# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARREN DEL NERO,

        Plaintiff,

vs.

ALL STATE INSURANCE COMPANY,

        Defendant.

Case No.: 2:00-cv-01126-GMN-VCF

**ORDER**

Pending before the Court is Plaintiff Darren Del Nero's ("Plaintiff") Motion to Seal,[1] (ECF No. 40), which the Court construes as a Motion for Reconsideration of its Order, (ECF No. 38), denying Plaintiff's request to seal the case and proceed pseudonymously.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

///

///

///

---

[1] Plaintiff also filed a Notice of Preceding Letter. (ECF No. 41). While the Court construes Plaintiff's Motion to Seal and Notice of Preceding Letter as a Motion for Reconsideration of the undersigned's Order, it notes Plaintiff's Notice of Preceding Letter is primarily directed at Magistrate Judge Elena Youchah's denial of Plaintiff's motion to seal his case and proceed pseudonymously in a separate action. (*See* Notice Preceding Letter at 2–18) (raising objections to the Magistrate Judge Youchah's denial of Plaintiff's motion to seal the case and proceed pseudonymously in *Del Nero v. Nevada Federal Credit Union, et al.*, No. 2:06-cv-0008-JAD-EJY). Because Plaintiff is proceeding *pro se*, the Court liberally construes his filings, and assumes he also meant to raise these arguments this action. Notably, Magistrate Judge Youchah rejected Plaintiff's arguments, stating that "a review of the docket in this case reveals that the arguments made by Plaintiff have already been addressed by the Court in previous Orders" and that "the repeated filing of the same motion seeking the same relief will not alter the outcome sought by Plaintiff." (Order Denying Reconsideration 1:13–16, ECF No. 48 in *Del Nero v. Nevada Federal Credit Union, et al.*, No. 2:06-cv-0008-JAD-EJY). For the reasons set forth below, the Court agrees with Magistrate Judge Youchah's conclusion.

## I. BACKGROUND

Plaintiff is a participant in California's Safe at Home Program. (*See generally* Ex Parte Mot. Seal, ECF No. 23). California's Safe at Home Program protects crime victims by providing a substitute address that California state and local agencies use for public records. Cal. Gov't Code § 6207(a). In accordance with the Safe at Home Legislation, the California Code of Civil procedure designates Stay at Home participants as "protected persons," which allows them to use a pseudonym and redact identifying characteristics when filing court documents. *See* Cal. Civ. Pro. Code § 367.3(b)(1). The California Code also authorizes a protected person to seek leave to seal the public file. *Id*. § 367.3(b)(4).

In 2000, this case, which involved an alleged breach of contract, was transferred to this Court from the United States District Court for the Central District of California. (*See* Order, ECF No. 8). Twenty-two years later, Plaintiff filed an Ex Parte Motion to Seal, contending that his membership in the Safe at Home Program provided sufficient reason to seal the entire record in this case, or, alternatively, to redact the case and replace his name with a pseudonym. (*See generally* Ex Parte Mot. Seal). The Magistrate Judge found neither of Plaintiff's requested forms of relief was warranted, (Order Ex Parte Mot Seal 4:1–16, ECF No. 26); (Order Mot. Reconsideration, ECF No. 34), and the Court subsequently adopted the Magistrate Judge's conclusions. (Order, ECF No. 39). Plaintiff then filed the instant Motion to Seal, (ECF No. 40), which the Court construes as a Motion for Reconsideration. The Court discusses Plaintiff's Motion for Reconsideration below.

## II. LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted

1  "absent highly unusual circumstances, unless the district court is presented with newly
2  discovered evidence, committed clear error, or if there is an intervening change in the
3  controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873,
4  880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.
5  1999)).

6  Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a
7  final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A
8  judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject
9  matter, or of the parties, or if the court acted in a manner inconsistent with due process of law."
10 *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule
11 60(b), a court may relieve a party from a final judgment, order or proceeding only in the
12 following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
13 discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or
14 (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549
15 (9th Cir. 2000).  Rule 60(b) relief should only be granted under "extraordinary circumstances."
16 *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

17 **III.    DISCUSSION**

18 Here, Plaintiff raises three arguments in his Motion for Reconsideration, presumably to
19 show newly discovered evidence demonstrating that the Court committed clear error and that
20 its Order was manifestly unjust.  First, Plaintiff argues California's Safe at Home Program has
21 been amended to provide broader protections for participants, demonstrating that "California
22 law presumes Plaintiff is endangered." (Mot. Reconsideration 13:5–19:18).  Second, Plaintiff
23 advances that because other federal courts have either sealed cases brought by him or allowed
24 him to proceed pseudonymously, this Court is compelled to reach the same outcome. (*Id.* 7:11–
25 13:3, 19:19–25:12).  Finally, Plaintiff argues he is "under new threats [of danger] as a result of

bringing to the attention of authorities Las Vegas attorney [that] Thomas Michaelides forged a court order" in a lawsuit against Plaintiff in state court. (*Id.* 4:24–5:13). The Court examines each of Plaintiff's arguments in turn.

### A. Choice of Law

As to Plaintiff's contention that California's strengthening of its Safe at Home Program demonstrates that sealing or proceeding pseudonymously is appropriate, his argument ignores the fact that federal law rather than state law applies to this issue.[2] Indeed, the court's which have considered this issue are in lockstep that federal law applies. *See Doe v. University Accounting Service, LLC*, No. 09-cv-01563, 2022 WL 623913, at *2 (S.D. Cal. Mar. 3, 2022); *Doe v. Collecto, Inc.*, No. 2:06-cv-00244, 2021 WL 3199210, at *1 (D. Nev. July 27, 2021); *Chaker-Delnero v. Butler & Hailey*, No. 2:06-cv-00022, 2021 WL 5510211 at *1 (D. Nev. Nov. 24, 2021). Plaintiff has presented no reason for the Court to deviate from this conclusion, especially in light of the fact that when this case was active, it only involved questions of Nevada and not California law. Therefore, while the Court takes note of California's amendment to its Safe at Home Program, this amendment does not alter the Court's analysis.

### B. Other Federal Court Decisions

Next, Plaintiff argues this Court erred because other federal courts have allowed Plaintiff to either seal actions brought by him or allow him to proceed pseudonymously. (Mot. Reconsideration 7:11–13:3, 19:19–25:12). Plaintiff is correct that other courts have granted the exact relief he now seeks. (*See generally* Mot. Reconsideration) (citing cases). However, Plaintiff's Motion either accidently or intentionally omits that other courts have employed the same analysis as this Court in rejecting his arguments. *See Del Nero v. NCO Financial Systems,*

---

[2] Furthermore, the Court expressly rejected Plaintiff's contention California law applied in its Order. (Order 3:20–4:2). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Melendez v. Neven*, No. 2:15-cv-02076, 2021 WL 832638, at *3 (D. Nev. Mar. 4, 2021).

*Inc.*, No. 2:06-cv-04823, 2021 WL 2375892, at *2 (E.D. Pa. June 20, 2021); *Del Nero v. Allstate Ins. Co.*, No. 00-cv-9068, 2021 WL 3285033, at *2 (C.D. Cal. June 30, 2021); *Doe v. Law Offices of Winn and Sims*, No. 06-cv-00599, 2021 WL 9917688, at *2 (S.D. Cal. June 21, 2021); *Chaker-Delnero*, 2023 WL 2861254, at *2.  Again, while the Court considers the reasoning of the orders included by Plaintiff, these decisions do not alter the Court's analysis, especially when considering the underlying argument advanced by Plaintiff remains the same. "Motions for reconsideration are not vehicles for parties to reiterate arguments that they have previously made." *Chaker-Delnero*, 2023 WL 2861254, at *2.  Accordingly, Plaintiff's second argument is unavailing.

### C. Newly Posed Danger

Finally, Plaintiff argues he is "under new threats [of danger] as a result of bringing to the attention of authorities Las Vegas attorney [that] Thomas Michaelides forged a court order" in a lawsuit against Plaintiff in state court. (*Id.* 4:24–5:13).

Here, it is unclear to the Court how sealing the docket or the use of a pseudonym would shield Plaintiff from further harassment or harm. *See Doe v. JBF RAK LLC*, No. 2:14-cv-00979, 2014 WL 5286512, at *4 (D. Nev. Oct. 15, 2014) ("There is no evidence that Defendants have attempted to retaliate against her because of this lawsuit, but even if they did, 'the retaliation would not be prevented by allowing Plaintiff to proceed anonymously at this point.'") (citation omitted).  Plaintiff's former attorney clearly knows who he is, and his harassment has nothing to do with his involvement in this case. *Del Nero v. NCO Financial Systems, Inc.*, No. 2:06-cv-04823, 2021 WL 2375892, at *2 (E.D. Pa. June 20, 2021).  Replacing Plaintiff's name with a pseudonym "cannot change" the fact that individuals who allegedly wish him harm know his phone number and former address. *Del Nero*, 2021 WL 3615904, at *1; *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144, & n.11 (2d Cir. 2004) ("The genie is out of the bottle . . . . We have not the means to put the genie back.").  What the Court can do, and it did do, is

redact the personal information that accompany Plaintiff's filings to otherwise protect his current location.

In sum, Plaintiff reargues issues already presented and does not provide any newly discovered evidence that would justify granting reconsideration. The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order, and therefore, the criteria for reconsideration have not been met. Out of an abundance of caution, and to protect any personal information Plaintiff added to his Motion for Reconsideration, (ECF No. 40), and Notice of Preceding Letter, (ECF No. 41), the Court will seal these filings.

Furthermore, Plaintiff has demonstrated that he will keep filing multiple motions to reconsider and seal, even after the Court has denied him relief. Between the Magistrate Judge and undersigned, this is the fourth review of Plaintiff's underlying motion to seal the entire record in this case, or, alternatively, to redact the case and replace his name with a pseudonym. The Court will not entertain additional motions on this issue.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 40), is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to seal Plaintiff's Motion to Seal, (ECF No. 40), and Notice of Preceding Letter, (ECF No. 41).

**DATED** this __29__ day of June, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT